UNITED STATES of America, Plaintiff–Appellee,

v.

Steven D. LUCK, Defendant–Appellant.

No. 05–20444
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

June 21, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM: *

Steven D. Luck appeals his sentence for bank robbery in violation of 18 U.S.C. § 2113(a). Luck's offenses occurred prior to the decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and he was sentenced after *Booker* was decided. Luck argues that, although he is entitled to retroactive application of *Booker's* Sixth Amendment holding, the remedial portion of *Booker's* hold-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ing, which made the Sentencing Guidelines advisory, may not be applied in his case without violating the Due Process and Ex Post Facto Clauses of the Constitution. He thus argues that the district court should have applied the Guidelines as mandatory in his case but should not have enhanced his sentence based on facts that were not charged in the superceding information and were neither admitted by him nor found by a jury beyond a reasonable doubt. As Luck concedes, this argument is foreclosed. *See United States v. Austin,* 432 F.3d 598, 599–600 (5th Cir.2005); *United States v. Scroggins,* 411 F.3d 572, 575–76 (5th Cir.2005). He has raised the issue to preserve it for further review. Accordingly, the district court's judgment is AFFIRMED.